UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA DAVIS,

    Plaintiff,

v.                                            Case No.:  2:22-cv-640-JLB-KCD

EVANSTON INSURANCE
COMPANY, HOWARD
WEHRENBERG, and TFTK OF
FORT MYERS INC. d/b/a FUN
RENTALS OF FORT MYERS
BEACH,

    Defendants.
_____/

## ORDER

Evanston Insurance Company removes a supplementary proceeding stemming from a state-court negligence action based on diversity jurisdiction. But because Evanston has failed to establish diversity of citizenship, it must supplement the notice of removal.

Brenda Davis was injured when Howard Wehrenberg collided with her while driving a scooter rented to him by Fun Rentals of Fort Myers Beach. The state tort case went to arbitration and a judgment was entered against Wehrenberg and Fun Rentals. After Defendants failed to satisfy the judgment, Davis moved to implead Fun Rental's insurer, Evanston. The state court granted the impleader and allowed Davis to file a complaint for proceedings

supplementary to execution of the judgment against Evanston under Fla. Stat. § 56.29. Evanston was served with that complaint and removed the case here.

Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[1] Federal courts have diversity jurisdiction if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). And it is not enough to simply allege there is jurisdiction. Defendant must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Removal jurisdiction also raises significant federalism concerns, and thus courts strictly construe removal statutes. *See id.* at 1095. Any doubt

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Evanston perfunctorily asserts that once the parties are properly aligned by the Court, complete diversity exists. Evanston says Wehrenberg and Fun Rentals should be realigned as plaintiffs to establish diversity jurisdiction because their interests coincide with those of Davis (*i.e.*, they would like the judgment satisfied by Evanston). But since the complaint for proceedings supplementary is not in the record, and would be the operative complaint here, it is unknown how Davis arranged the parties. That's the first problem. Second, "the parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." *City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). For the Court to have subject-matter jurisdiction here it must decide the realignment issue, but at this point it has scarce information to do so. Thus, the Court declines to reach the realignment issue until it has input from all the parties.

Accordingly, it is now

**ORDERED**:

1. Evanston Insurance Company must file the complaint for proceedings supplementary.

2. Evanston Insurance Company must move to realign the parties by **November 3, 2022**, showing why the Court should not remand this case for lack of subject-matter jurisdiction. **Failure to do so will result in a recommendation this case be remanded for lack of subject-matter jurisdiction.** The motion must comply with Local Rules 1.08 (governing typography) and 3.01(g).

**ORDERED** in Fort Myers, Florida on October 13, 2022.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record