UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA DAVIS,

    Plaintiff,

v.                                          Case No.:  2:22-cv-640-JLB-KCD

EVANSTON INSURANCE
COMPANY, HOWARD
WEHRENBERG and TFTK OF
FORT MYERS INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Brenda Davis's Amended Motion for Remand. (Doc. 12.) Defendant Evanston Insurance Company responded (Doc. 18) and Davis replied (Doc. 28), making this matter ripe. For the reasons below, Davis's motion is granted.

### I. Background

This is a personal injury case that Davis litigated to a final judgment in state court over a year ago. Considering these basic facts, one wonders how the parties suddenly got in federal court. The answer is Florida Statute § 56.29, which allows a judgment holder (like Davis) to bring supplementary proceedings to recover assets that will satisfy the judgment. Claims under § 56.29 are "designed to avoid the necessity of a judgment creditor initiating

an entirely separate action, and allows the creditor to implead third parties, with assets which may be subject to her judgment." *Walton v. St. Paul Fire & Marine Ins. Co.*, No. 17-61391-CIV, 2018 WL 5098965, at *3 (S.D. Fla. Aug. 10, 2018).[1]

After securing the judgment, Davis invoked § 56.29 and pled Defendant Evanston Insurance Company into the state court case by filing a Proceedings Supplementary Complaint for declaratory judgment. (Doc. 15.) Evanston insured the tortfeasors. Davis thus claims that Evanston must pay her the insurance proceeds to satisfy the judgment. (*Id.* ¶ 17.)

Rather than answer the impleader complaint in state court, Evanston filed a notice of removal under 28 U.S.C. § 1441. Citing diversity jurisdiction, Evanston claims the supplementary proceedings can be litigated in this Court. (Doc. 1.)

Having won in state court, Davis is unwilling to switch horses midstream. She moves to remand her supplementary claim against Evanston for lack of jurisdiction. (Doc. 12.) According to Davis, "proceedings supplementary [are] not" a "civil action" as needed to trigger federal jurisdiction under 28 U.S.C. § 1441. (*Id.* at 7.) Davis also seeks fees and costs for the improper removal. (*Id.* at 9.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## II. Discussion

There is little doubt that this Court would have jurisdiction if Davis sued Evanston in a separate proceeding that was then removed. Their dispute seemingly checks all the boxes for diversity jurisdiction. (*See* Doc. 1.) But those are not the facts. Davis instead used Florida Statute § 56.29 to implead Evanston into her existing tort suit. That distinction makes all the difference.

Removal is allowed for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Regard for the independence of state governments requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Courts have thus read § 1441 narrowly. It covers only claims that the plaintiff could have brought under the court's "original jurisdiction." Put simply, "an action is removable only if it originally might have been brought in a federal court." 14B Wright & A. Miller, Federal Practice & Procedure, § 3721 at 7 (2009).

Reading § 1441 in such a way has generally precluded the removal of ancillary proceedings. This is because ancillary proceedings are not independent actions that could have been brought in federal court—i.e., they do not fall under the court's original jurisdiction. *See, e.g.*, *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012) ("The statute has long been

3

interpreted to allow removal only of independent suits but not ancillary or supplementary proceedings.").

Evanston loses under this framework. Davis could not have filed her impleader complaint against Evanston in this Court. No matter if there is diversity, a supplemental proceeding under Florida Statute § 56.29 is, "[b]y its very nature, . . . not an independent action." *Blue Cross & Blue Shield of Fla., Inc. v. Adcahb Med. Coverages, Inc.*, No. 3:17-CV-865-J-39PDB, 2018 WL 3599009, at *3 (M.D. Fla. Mar. 13, 2018). "Such proceedings are a continuation of the initial, underlying proceeding and venue remains with the court which entered the judgment." *Walton v. St. Paul Fire & Marine Ins. Co.*, No. 17-61391-CIV, 2018 WL 5098965, at *3 (S.D. Fla. Aug. 10, 2018). "Accordingly, Section 56.29 proceedings are not removable, as such proceedings could not have originally been brought in federal court as an independent action." *Gen. Elec. Cap. Corp. v. Est. of Nunziata ex rel. Nunziata*, No. 8:12-CV-00100-T-27, 2012 WL 1581860, at *4 (M.D. Fla. May 4, 2012).

Evanston, nevertheless, counters that "[p]roceeding[s] supplemental . . . constitute a removable and independent civil action when [they seek] to impose new liability on new parties founded on wholly new legal theories and based on a completely different factual matrix." (Doc. 18 at 7.) This argument comes from *Jackson-Platts v. Gen. Elec. Cap. Corp.*, where the Eleventh Circuit allowed a judgment creditor's supplemental claim for fraudulent conveyance

4

to proceed on removal. 727 F.3d 1127, 1131 (11th Cir. 2013). In reaching this result, the panel found it significant that the supplemental claim was "based on a completely different factual matrix" and thus resembled "an independent civil action." *Id.*

There are two problems with Evanston's argument. First, the Eleventh Circuit's discussion of supplemental proceedings in *Jackson-Platts* was dicta. *See Katzman v. Comprehensive Care Corp.*, No. 8:17-CV-2107-T-23AEP, 2017 WL 4944802, at *5 (M.D. Fla. Nov. 1, 2017). "*Jackson-Platts*, which omits mention of the original jurisdiction requirement in Section 1441, holds only that the district court abused its discretion in abstaining and remanding under *Colorado River*; the rest . . . is dicta." *Id.* "*Jackson-Platts* never resolved, never evaluated, and never mentioned the controlling question inescapably lodged in the requirement of 'original jurisdiction': Can a state-court judgment creditor directly file a motion and an affidavit in the district court to invoke the remedies of Section 56.29?" *Id.*

Second, even applying the test Evanston pulls from *Jackson-Platts*, removal is still improper. To be sure, Davis brings new claims (breach of contract) against a new party (Evanston). But unlike in *Jackson-Platts*, the facts giving rise to Davis's judgment are interwoven with those that would determine Evanston's liability in this supplemental proceeding. Davis maintains that Evanston is obligated to indemnify the tortfeasors for the

5

accident. In other words, Evanston is responsible for providing insurance coverage. An insurer's duty to indemnify its insured depends entirely on the "merits of the underlying litigation." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 771 (11th Cir. 2019). Thus, whether Evanston owes anything to Davis under Fla. Stat.§ 56.29 is inescapably reliant on the tort litigation. *See, e.g.*, *Walton*, 2018 WL 5098965, at *4 (remanding § 56.29 claim brought against a judgment debtor's insurance carrier because it was not a civil action subject to removal).

Not done yet, Evanston separately argues that Davis's supplemental claims were brought "in violation of Florida's non-joinder statute." (Doc. 18 at 8.) Florida's nonjoinder statute says "a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, *unless the insurer denied coverage*." Fla. Stat. § 627.4136. Evanston denied coverage here. Thus, the logic goes, Davis could not join Evanston and this "action is truly an independent [suit]." (Doc. 18 at 9.) Put simply, Evanston argues the Court should treat the supplemental proceeding as an independent case that can be removed because it was improperly joined.

Yet again, Evanston is wrong. The nonjoinder statute has no application here. Impleading a party under § 56.29, as Davis did, is not the same as joining a party. *See Nova Cas. Co. v. Wilson Devs., LLC*, 212 So. 3d 477, 478 (Fla. Dist.

6

Ct. App. 2017). Thus, Davis's supplementary claim against Evanston does not "violate[] either the letter or the spirit of the nonjoinder statute." *Walton*, 2018 WL 5098965, at *12. And even if the nonjoinder statute applies, Evanston's argument puts the cart before the horse. It essentially asks the Court to assess the merits of Davis's claims to conclude that jurisdiction exists. But that cannot occur "until the case is properly removed." *Adcahb Med. Coverages, Inc.*, 2018 WL 3599009, at *4. Finally, even if Davis misused § 56.29 to bring independent claims cloaked as supplementary proceedings, 28 U.S.C. § 1446(c)(1) prevents removal because this case was pending in state court for more than a year and there is no evidence of bad faith. *See NPV Realty, LLC v. Nash*, No. 8:17-CV-636-T-30AEP, 2017 WL 1735101, at *2 (M.D. Fla. May 4, 2017). As it stands, then, the Court is powerless to exercise jurisdiction.

That leaves the issue of attorneys' fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees [turns] on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Davis claims that "fees and costs" are appropriate because Evanston's "removal . . . ignore[d] controlling authority." (Doc. 12 at 9.) Not so. The Eleventh Circuit has never addressed whether a supplemental proceeding brought against a judgment debtor's insurance carrier is removable. And while several district courts have rejected Evanston's position, the issue is far from settled law. Given the lack of binding authority, the Court finds that Evanston had an objectively reasonable basis for seeking removal. *See, e.g.*, *Casciani ex rel. Casciani v. La Cruise, Inc.*, No. 96-CV-1249-CIV-J-21A, 1998 WL 34185289, at *5 (M.D. Fla. June 24, 1998) (noting that "the award of attorney's fees under § 1447(c) was not intended to be routine").

### III. Conclusion

Supplemental proceedings under Fla. Stat. § 56.29 must begin in the court that entered judgment. This unavoidable fact precludes removal because federal law limits removal to actions that could begin in federal court. *See Katzman*, 2017 WL 4944802, at *3 ("[I]f the plaintiff cannot begin the same action in federal court, the defendant cannot remove the action to federal court."). Accordingly, it is **ORDERED**:[2]

---

[2] Because a motion to remand does not address the merits of the case but merely changes the forum, the Court finds it is a non-dispositive matter that does not require a report and recommendation. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).

8

1. Plaintiff Brenda Davis's Amended Motion for Remand (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. Remand is granted, but attorneys' fees are denied.

2. This action is remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case back to state court by transmitting a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Lee County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

4. If objections are timely filed, the Clerk is directed to hold disposition until so ordered by the District Judge.

**ORDERED** in Fort Myers, Florida this December 5, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record