UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA DAVIS,

    Plaintiff,

v.

                                               Case No.: 2:22-cv-640-JLB-KCD

EVANSTON INSURANCE
COMPANY, HOWARD
WEHRENBERG and TFTK OF
FORT MYERS, INC.,

    Defendants.
_____/

## ORDER

    This action is a personal injury case that Plaintiff Brenda Davis litigated to a final judgment in Florida state court.  After securing a judgment, Ms. Davis invoked Florida Statute § 56.29 and impleaded Defendant Evanston Insurance Company ("Evanston") into the existing state court case by filing a Proceedings Supplementary Complaint for declaratory judgment.  (Doc. 15).  Ms. Davis claims that Evanston must pay her the insurance proceeds to satisfy the judgment because Evanston insured the tortfeasors.  (*Id.* at ¶¶ 17, 20–25).  Evanston removed the action to this Court.  (Doc. 1).  Ms. Davis moved to remand back to Florida state court.  (Doc. 12).  United States Magistrate Judge Kyle C. Dudek entered an order (the "Remand Order") granting, in part, her motion to remand.  (Doc. 29).  The Remand Order granted remand but denied attorney's fees.  (Doc. 29 at 7–9).  Evanston has filed an objection to the Remand Order.  (Doc. 31).  Ms. Davis filed a

response. (Doc. 34). After an independent review of the record, the Court **OVERRULES** Evanston's Objection.

A party may file objections to a magistrate judge's order on a non-dispositive pretrial matter within fourteen days after service of the order. Fed. R. Civ. P. 72(a). When an objection is filed, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Dispositive matters require a district judge to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In any event, Evanston's objection is due to be overruled and Plaintiff's remand motion granted regardless of whether the Court reviews the Remand Order de novo or for clear error.

"[A]ny *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court." 28 U.S.C. § 1441(a) (emphasis added). The term "civil action" has been broadly construed, but it is not without limit. *Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) (quoting 14B Charles Alan Wright et al., Fed. Prac. and Proc. § 3721 (4th ed. 2009)). Federal courts typically construe the term "civil action" to require a suit *separate* from (rather than ancillary to) a suit in state court. *Id.*

The Remand Order held that although this Court would likely have jurisdiction if Plaintiff sued Evanston in a separate state court proceeding that was then removed to this Court, the matter of Plaintiff's claim against Evanston is

2

different because it is an ancillary proceeding brought under Florida Statute § 56.29 to implead Evanston into Plaintiff's existing Florida state court case. (Doc. 29 at 3). Judge Dudek reasoned that because 28 U.S.C. § 1441 covers only claims that a plaintiff could have brought under the Court's original jurisdiction, an action is removable only if it originally might have been brought in a federal court. (*Id.* (citing 14B Wright & A. Miller, Fed. Prac. & Proc., § 3721 at 7 (2009)). Thus, Judge Dudek concluded, a supplemental proceeding under Florida Statute § 56.29 is, "by its very nature, . . . not an independent action." (*Id.* at 4 (quoting *Blue Cross & Blue Shield of Fla., Inc. v. Adcahb Med. Coverages, Inc.*, No. 3:17-CV-865-J-39PDB, 2018 WL 3599009, at *3 (M.D. Fla. Mar. 13, 2018)) (alternation and internal quotations omitted)).

Evanston's chief argument in its objection to the Remand Order is that it "fails to place any weight" on the fact that the Eleventh Circuit has addressed whether a supplementary proceeding action brought under Florida Statute section 56.29 was removable pursuant to 28 U.S.C. § 1441. (Doc. 31 at 4 (citing *Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127 (11th Cir. 2013)). But the Remand Order indeed discusses the *Jackson-Platts* decision, noting that the Eleventh Circuit's discussion of supplemental proceedings in that case was *dicta* and that, even applying the test Evanston pulls from *Jackson-Platts*, removal is still improper. (Doc. 29 at 5–6).

3

Florida Statutes § 56.29 provides for proceedings supplementary, which begin by

> a motion and an affidavit . . . identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).

In *Jackson-Platts*, the appellee could not collect on a judgment because assets were allegedly fraudulently transferred to appellant. 727 F.3d at 1130. Appellee therefore initiated a supplementary proceeding under Florida Statute § 56.29(6). *Id.* Appellant timely removed the supplementary proceeding to federal district court, and the appellee moved to remand, arguing that it was "an ancillary proceeding, not an independent 'civil action.'" *Id.* at 1130–31. The district court ultimately remanded because it concluded that the *Colorado River* abstention doctrine applied. *Id.* at 1131. The Eleventh Circuit found that "[t]he supplementary proceeding [was] an independent civil action because it [sought] to impose new liability on new parties founded on wholly new legal theories and based on a completely different factual matrix." *Id.*

Rather than focus on whether the Eleventh Circuit's discussion of proceedings supplementary in *Jackson-Platts* was *dicta*, which other courts have done (*see Katzman v. Comprehensive Care Corp.*, Case No. 8:17-cv-2107-T-23AEP, 2017 WL 4944802, at **4–5) (M.D. Fla. Nov. 1, 2017)), the Court will assume (without deciding) that it was not *dicta*. But the Court agrees with Judge Dudek

4

that applying the principles stated in *Jackson-Platts* yields the conclusion that removal here is improper.  (*See* Doc. 29 at 5–6).

In reaching its conclusion in *Jackson-Platts*, the Eleventh Circuit explained that "[s]ince section 56.29(6) requires an intent to delay, hinder, or defraud creditors, a proceeding under that section involves an issue of substantive law that is independent of the underlying action." 727 F.3d at 1136.  The Eleventh Circuit noted that Florida courts have acknowledged this conclusion, using their interpretation of Florida's Uniform Fraudulent Transfer Act "to give meaning to and interpret the '"delay, hinder or defraud' language found in section 56.29(6)." *Id.* at 1136–37.  Thus, the Eleventh Circuit found, "the substance of [appellee's] legal claims is governed by Florida's Uniform Fraudulent Transfer Act, which is undoubtedly a substantive statute that imposes liability." *Id.* at 1137.

In short, the proceedings supplementary in *Jackson-Platts* "arose under a . . . section of Fla. Stat. § 56.29, which governs fraudulent transfers and guarantees a jury trial. . . . It is easy, then, to see how *Jackson-Platts* involved a separate 'civil action.'" *Villoldo v. Bank of America, N.A.*, No. 22-23502-Civ-Scola, 2023 WL 249911, at *2 (S.D. Fla. Jan. 18, 2023).  By contrast, here, no allegations of fraudulent transfer are at play.  And the Court agrees with the Magistrate Judge that "whether Evanston owes anything to Davis under Fla. Stat. § 56.29 is inescapably reliant on the tort litigation." (Doc. 29 at 6).

Evanston disagrees, arguing that "Davis is attempting to impose new liability on a new party . . . for a new legal theory, whether or not there is coverage under

5

the Policy . . . which is dependent on a different factual matrix (coverage under the Policy versus . . . tort liability . . .)." (Doc. 31 at 5). On its face, the supplementary action removed to this Court consists of a new claim (breach of contract) against a new party (Evanston), but the Court cannot discern how Evanston intends to defend itself in a way that is not inextricably intertwined with the facts of the original state tort action. (*See* Doc. 9 at 5–6) ("As and for Evanston's first affirmative defense, Evanston states that it had no duty to defend or indemnify TFTK OF FORT MYERS, INC d/b/a FUN RENTALS OF FORT MYERS BEACH for the alleged occurrence set forth in the underlying action . . . .")); *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) ("[A]n insurance provider's duty to defend an insured party depends *solely* on the facts and legal theories alleged in the pleadings and claims against the insured.") (internal quotations omitted); *see also Walton v. St. Paul Fire and Marine Ins. Co.*, CASE NO. 17-61391-CIV-DIMITROULEAS, 2018 WL 5098833, at *2 (S.D. Fla. Sept. 4, 2018) ("The Court does not find that the issue of insurance coverage converts this into an independent civil action subject to removal. Instead, . . . this matter is dependent upon Plaintiff's original tort action, making it non-removable.").

Second, Evanston argues that the Remand Order's reliance on *Mid-Continent Casualty Company v. Delacruz Drywall and Plastering & Stucco, Inc.*, 766 F. App'x 768, 771 (11th Cir. 2019) "for the proposition that an insurer's duty to indemnify its insured depends entirely on the 'merits of the underlying action' and therefore is not an independent action oversimplifies the Court's holding in that case." (Doc. 31 at

6

6). Because this Court finds that the matter must be remanded without considering *Mid-Continent Casualty Company*, the Court need not address this objection.

Having undertaken an independent review of the record and case law, the undersigned concurs with Judge Dudek. Accordingly, it is **ORDERED**:

1. Evanston's Objection (Doc. 31) is **OVERRULED**.

2. Plaintiff's Amended Motion for Remand to State Court and for Sanctions (Doc. 12) is **GRANTED in part and DENIED in part**. Remand is granted but, for the reasons set forth in the Remand Order (Doc. 29 at 7–8), the attorneys' fees request here is denied.

3. The Clerk of Court is **DIRECTED** to remand this action by transmitting a certified copy of this Order to the Clerk of Court for the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

4. Following remand, the Clerk of Court is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**ORDERED** at Fort Myers, Florida on February 26, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE